Filed 5/3/16  P. v. Ebbert CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C080567 |
| Plaintiff and Respondent, | (Super. Ct. No. 15F02034) |
| v. | |
| BRYAN SCOTT EBBERT, | |
| Defendant and Appellant. | |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

A felony complaint filed on April 6, 2015, charged defendant Bryan Scott Ebbert with one count of gross vehicular manslaughter while intoxicated (count one; Pen. Code, § 191.5, subd. (b))[1] and alleged multiple victims (Veh. Code, § 23558).

---

[1]    Undesignated statutory references are to the Penal Code.

1

On August 11, 2015, defendant pleaded no contest to count one in return for an agreed four-year state prison lid and the dismissal of the multiple-victim enhancement with a *Harvey*[2] waiver for purposes of restitution.

The stipulated factual basis for defendant's plea is as follows:  At 1:52 a.m. on January 31, 2015, while driving on Highway 50, taking the interchange to Business 80, defendant drove off the side of the road and down the freeway embankment, and killed Carolyn Percy, who was alongside the freeway.  Defendant's passenger, Richard Martinez, suffered bruising as a result of the crash.  A sample of defendant's blood drawn a little over two hours later showed a blood-alcohol content of 0.14 percent, plus THC and hydrocodone.

On September 22, 2015, the trial court sentenced defendant to the midterm of two years in state prison, and granted the People's motion to dismiss the multiple-victims enhancement.  The court awarded defendant three actual days of presentence custody credits.  It imposed a $600 restitution fine (§ 1202.4, subd. (b)), a $600 suspended parole revocation restitution fine (§ 1202.45), a $40 court operations assessment (§ 1465.8), and a $30 criminal conviction assessment (Gov. Code, § 70373).  It ordered victim restitution in an amount to be determined.

The court also orally imposed "a fine in the amount of $1,000," without specifying any statutory basis for that fine.  A sentencing minute order indicates the court imposed this fine, plus additional amounts which are set out with unexplained abbreviations; the minute order fails to cite a statutory basis for any of these amounts.  The abstract of judgment does not reflect any such fine.

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and

---

**2**      *People v. Harvey* (1979) 25 Cal.3d 754.

determine whether there are any arguable issues on appeal.  (*People v. Wende, supra,* 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

We must remand the matter to the trial court, however, because we cannot discern either the total amount or the statutory basis for the unspecified $1,000 fine the court pronounced orally, and the abstract of judgment fails to show any such fine.  On remand, the court is directed to state the exact amount of the fine and to cite, specifically and in order, the statute or statutes under which it is imposed, to prepare an amended abstract of judgment that reflects the fine, and to forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.

DISPOSITION

The judgment is affirmed.  The matter is remanded to the trial court for further proceedings as directed above.

        NICHOLSON     , Acting P. J.

We concur:

     MURRAY       , J.

     RENNER       , J.